<u>NOT FOR PUBLICATION</u>

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **HURGENES PIGNARD,** | : | |
| Petitioner, | : | Civil No. 14-4008 (ES) |
| v. | : | OPINION |
| **FEDERAL BUREAU OF PRISONS,** | : | |
| Respondent. | : | |

**SALAS, DISTRICT JUDGE**

This matter is before the Court on the application of Hurgenes Pignard ("Petitioner") for habeas corpus relief under 28 U.S.C. § 2254. For the reasons set forth below, the Petition must be dismissed for lack of jurisdiction because Petitioner does not meet the "in custody" requirement under 28 U.S.C. § 2254(a).

**I. BACKGROUND**

In 1996, Petitioner pled guilty to shoplifting in the Northvale Municipal Court in Northvale, New Jersey. (D.E. No. 1, Pet. ¶ 1). Petitioner states that he did not receive a sentence for his guilty plea. (*Id.* at ¶ 2(b)). Petitioner did not file an appeal or otherwise challenge the conviction until February 2014, when he filed several motions for relief with the municipal court. (*Id.* at ¶¶ 8-11). On October 11, 2007, Petitioner was found guilty of conspiracy to commit bank robbery and armed bank robbery, as well as attempted bank robbery in violation of 18 U.S.C. §§ 371 and 2113(a). *United States v. Pignard*, 303 F. App'x 923 (2d Cir. 2008). The trial court in the United States District Court for the Southern District of New York sentenced Petitioner to a term

of 175 months of imprisonment.  *Id.*  Petitioner alleges that his prior New Jersey shoplifting conviction was used to enhance his 2007 federal bank robbery conviction; for that reason, on April 30, 2014, Petitioner filed a Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus in the United States District Court for the Southern District of New York challenging his 1996 New Jersey shoplifting conviction.  (Pet. ¶ 12).  On May 14, 2014, the Southern District of New York transferred the Petition to this Court.  (D.E. No. 2).

## II. DISCUSSION

### A. Legal Standard

"Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  *McFarland v. Scott*, 512 U.S. 849, 856 (1994); *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985); *Harrison v. Schultz*, 285 F. App'x 887, 889 (3d Cir. 2008).  Habeas Rule 4 requires a district court to examine a habeas petition prior to ordering an answer and "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rules Governing Section 2254 Cases in the United States District Courts, Rule 4.  Dismissal without the filing of an answer or the State court record is warranted "if it appears on the face of the petition that petitioner is not entitled to relief."  *Id.*  *See also* 28 U.S.C. § 2243; *McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

**B.  Analysis**

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the petition be "in behalf of a person in custody pursuant to the judgment of a State court," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a); *see also Maleng v. Cook*, 490 U.S. 488, 490 (1989).

Generally, the United States Supreme Court has "interpreted the statutory language as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed."  *Maleng*, 490 U.S. at 490-91.  Although the "in custody" language does not require that a prisoner be physically confined in order to challenge his sentence in habeas corpus,[1] the Supreme Court "ha[s] never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed."  *Maleng*, 490 U.S. at 491; *see also Drakes v. INS*, 330 F.3d 600 (3d Cir. 2003).  "[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."  *Maleng*, 490 U.S. at 492.

The Supreme Court specifically addressed the issue of "in custody" for habeas petitioners in *Maleng*.  In that case, the petitioner filed a § 2254 habeas petition in the United States District Court for the Western District of Washington challenging a 1958 Washington State conviction and sentence for robbery, which expired by its terms in 1978, but was used to enhance a 1978

---

[1] *See e.g.*, *Jones v. Cunningham*, 371 U.S. 236 (1963) (prisoner who is on parole is "in custody").

x

Washington State sentence. 490 U.S. at 489. At the time the petitioner filed his § 2254 petition in 1985, the 20-year sentence imposed on the challenged 1958 conviction had been fully served. *Id.* The petitioner alleged that the 1958 state conviction was invalid because he had not been given a competency hearing and that it had been used illegally to enhance his 1978 state sentence. *Id.*

The Supreme Court held that the petitioner was not "in custody" on the fully expired 1958 sentence at the time he filed the § 2254 petition challenging it, even though it was used to enhance the 1978 state sentence:

> The question presented by this case is whether a habeas petitioner remains "in custody" under a conviction after the sentence imposed for it has fully expired, merely because of the possibility that the prior conviction will be used to enhance the sentences imposed for any subsequent crimes of which he is convicted. We hold that he does not....In this case, of course, the possibility of a sentence upon a subsequent conviction being enhanced because of the prior conviction actually materialized, but we do not think that requires any different conclusion. When the second sentence is imposed, it is pursuant to the second conviction that the petitioner is incarcerated and is therefore "in custody."

*Maleng*, 490 U.S. at 492-93.

Here, Petitioner, a prisoner who is currently in federal custody, expressly challenges a state conviction which expired 18 years before Petitioner signed his § 2254 Petition on April 27, 2014. Like the petitioner in *Maleng*, Petitioner directly challenges a fully expired conviction under § 2254 which was used to enhance a subsequent sentence. Under the holding of *Maleng*, this Court lacks jurisdiction over the Petition under § 2254 because Petitioner was not "in custody" pursuant to the state conviction he challenges at the time he filed this Petition.

In the brief accompanying the Petition, Petitioner nevertheless appears to argue that he is "in custody" within the meaning of 28 U.S.C. § 2254 under the holding of *Lackawanna Cnty. Dist.*

*Attorney v. Coss,* 532 U.S. 394 (2001). In *Lackawanna Cnty. Dist. Attorney v. Coss*, the petitioner filed a § 2254 petition in the United States District Court for the Middle District of Pennsylvania attacking the 1990 Pennsylvania sentence he was currently serving which "was enhanced on the basis of an allegedly unconstitutional prior conviction for which the sentence ha[d] fully expired." 532 U.S. at 401. Citing *Maleng*, the *Coss* Court noted that "[the petitioner] is no longer serving the sentences imposed pursuant to his 1986 convictions, and therefore cannot bring a federal habeas petition directed solely at those convictions." *Id.* Nevertheless, the Court determined that, because the § 2254 petition was attacking the current state sentence (the 1990 sentence), as enhanced by the allegedly unconstitutional expired state conviction (the 1986 sentence), the petitioner satisfied § 2254's "in custody" requirement. *Id.* at 401-02.

> The Supreme Court severely limited its holding, however, explaining that
>
> once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence . . . on the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 532 U.S. at 403 (citation omitted). The Supreme Court recognized one exception to this rule: "When an otherwise qualified . . . petitioner can demonstrate that his current sentence was enhanced on the basis of a prior conviction that was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment, the current sentence cannot stand and habeas relief is appropriate." *Coss*, 532 U.S. at 404.

The Supreme Court addressed this issue further in *Daniels v. United States*, 532 U.S. 374 (2001). In that case, the petitioner filed a § 2255 motion to vacate, set aside, or correct his current

5

federal sentence because it was enhanced based on fully expired state convictions which were themselves unconstitutional. *Id.* at 377. Because the petitioner was serving the federal sentence he was challenging at the time he filed his § 2255 motion, there was no question that he was "in custody" on the conviction being attacked, and the Supreme Court did not discuss this issue. As in *Coss*, the Supreme Court held that a prisoner may not challenge a current federal sentence under § 2255 on the ground that it was enhanced by a fully expired unconstitutional state conviction, except where the expired conviction was obtained in violation of the right to counsel.

In the instant case, the holding by the Supreme Court in *Maleng*—not *Coss* or *Daniels*—is applicable because Petitioner is directly challenging his 1996 state conviction under § 2254, instead of attacking his current federal sentence in a motion brought under § 2255. Under *Maleng*, this Court lacks jurisdiction to entertain Petitioner's challenge to the fully expired 1996 conviction. As the Supreme Court explained in *Daniels*, 532 U.S. at 381,

> [o]ur system affords a defendant convicted in state court numerous opportunities to challenge the constitutionality of his conviction. He may raise constitutional claims on direct appeal, in postconviction proceedings available under state law, and in a petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254 (1994 ed. and Supp. V). These vehicles for review, however, are not available indefinitely and without limitation.

*Id.*

Although Petitioner is "in custody" on his current federal conviction, even if the Court were to construe the petition as a § 2255 motion, this Court would still not have jurisdiction. A § 2255 motion must be brought before the court which imposed the sentence, which in this case is the United States District Court for the Southern District of New York. *See* 28 U.S.C. § 2255(a)

6

("the court which imposed the sentence").[2]  Moreover, the Court will not re-characterize this § 2254 Petition as a § 2255 motion because such a motion would be barred as successive, since Petitioner already pursued relief under § 2255.  *See* 28 U.S.C. § 2255(h); *Pignard v. U.S.*, Civil No. 10-62, 2010 WL 5396085 (S.D.N.Y. Dec. 22, 2010).

To summarize, because Petitioner is not "in custody" on the 1996 conviction, this Court lacks jurisdiction to entertain this Petition challenging that conviction under 28 U.S.C. § 2254. *See Maleng*, 490 U.S. at 491-92.  Although Petitioner is "in custody" on his current federal conviction, even if this Court were to re-characterize the § 2254 Petition as a motion under § 2255 to vacate the current federal sentence, this Court would still be without jurisdiction because Petitioner was sentenced in the Southern District of New York.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. 28 U.S.C. § 2253(c)(l)(A); *see also Gonzalez v. Thaler*, _ U.S. _,132 S.Ct. 641,649 (2012). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his

---

[2] As noted *supra*, though the Supreme Court has held that expired prior convictions which are used to enhance later sentences are generally not subject to collateral attack, it did identify failure to appoint counsel in the prior conviction as a possible exception to that rule. *See Lackawanna Cnty. Dist. Attorney*, 532 U.S. at 402 (§ 2254 case).  *Accord Daniels*, 532 U.S. at 382 (§ 2255 case).  Petitioner does allege that he was denied counsel in his 1996 proceedings; however, as stated above, such an argument is not properly before this Court because Petitioner is not "in custody" on the 1996 conviction and Petitioner was sentenced in the Southern District of New York on his current sentence.

7

constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 1537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable. Accordingly, no certificate of appealability will issue.

## IV. CONCLUSION

Based upon the foregoing, the Petition will be dismissed for failure to satisfy the "in custody" requirement under 28 U.S.C. § 2254(a). No certificate of appealability will issue. The pending motion to amend, (D.E. No. 7), will be dismissed as moot. An appropriate Order follows. Dated:

                                           s/ Esther Salas  
                                           **Esther Salas, U.S.D.J.**